UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-122 (B/F) |
| | ) | |
| JAMIE LEE GONTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, Judge, on September 9, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on September 9, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §3401(i) and 3583(e). All proceedings were held on September 12, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1] Mr. Gonterman appeared in person with his appointed counsel, Bill Marsh, the Indiana Federal Community Defender. The government appeared by James Warden, Assistant United States Attorney; and U. S. Parole and Probation appeared by Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18 U.S.C. Section 3401(e).

1. Bill Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Gonterman in regard to the pending Petition for Revocation of Supervised Release, filed September 9, 2011.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Gonterman and his counsel who informed the Court that they had read and understood the specifications of the violations charged therein and waived further reading thereof.

3. Mr. Gonterman was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition to Revoke Supervised Release, filed September 9, 2011.

4. Mr. Gonterman would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Gonterman had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. If the preliminary hearing resulted in a finding of probable cause that Mr. Gonterman had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the Magistrate Judge.

7. Mr. Marsh stated that Mr. Gonterman would stipulate there is a basis in fact to hold him on the violation of supervised release set forth in the Petition to Revoke Supervised Release. Mr. Gonterman orally waived preliminary examination.

8. Mr. Gonterman, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal state or local crime."**<br><br>On January 28, 2011, the offender was arrested by officers of the Indianapolis Police Department for Resisting Law Enforcement, A-misdemeanor, and Intimidation, D-felony. The Intimidation charge was not filed; however, the Resisting Law Enforcement charge was filed in Marion County Superior Court under cause number 11-006540. The police report indicates te offender was in a residence with a third party who is a convicted felon and sex offender. The offender admits he knew this person was both a felon and a sex offender. The police were at the residence to arrest the third party for an open warrant. During the arrest, the offender gave police a false name and then physically resisted while they were attempting to handcuff him. The offender made several verbal threats of violence to the arresting offices. Additionally, while waiting for transportation to the jail, the offender moved his handcuffs from the back of his body to his front and was directed to return his handcuffs to the original position, which he refused to do, and attempted to stand up from a seated position. The offender was then tased by the arresting officer. The offender failed to report this arrest to the probation officer within 72 hours and lied to the probation officer when initially questioned regarding his arrest. The offender pled guilty to Resisting Law Enforcement, A-misdemeanor, and was sentenced to 365 days, with 351 days suspended and 14 days executed, on July 19, 2011. He was also ordered to perform 100 hours of community service. This case is scheduled for a compliance hearing on September 26, 2011. |
| 2 | **"The defendant shall reside for a period of up to 180 days at a community corrections center as directed by the probation officer and shall observe the rules of that facility."**<br><br>The offender was ordered into the Volunteers of America on March 22, 2011, to address multiple violations of his conditions of supervised release and because he was homeless. The offender has |

incurred several violations of facility rules during his stay at Volunteers of America.

On July 14, 2011, the offender was found in possession of a small amount of marijuana after staff conducted a locker search of the facility. The offender admitted possession of the marijuana stating it was given to him by another resident and he was trying to get rid of the marijuana prior to the locker search. He denied smoking any marijuana.

On August 31, 2011, the offender signed out of Volunteers of America at approximately 11:05 a.m. and falsely indicated he was gong to his place of employment. The offender returned to Volunteers of America at approximately 3:00 p.m. He did not report to work that day, and for approximately four hours, his whereabouts were unknown.

On September 4, 2011, the offender left Volunteers of America on a pass to Wishard Pharmacy. He returned two and one-half hours late, and told staff he could "take his time and would not use his money to call this damn place." The staff at the hospital indicated they had no record of the offender being in the facility.

During the last 60 days, the offender falsified a pass from Volunteers of America and traveled to the home of a woman named Stephanie Romansky without permission.

| | |
|---|---|
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 4 | **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 5 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On March 23, 2011, the offender submitted a urine screen which tested positive for marijuana. The offender denied he smoked marijuana, but claimed he ingested marijuana "gel pills," which he stated were given to him by his brother. The offender was advised that marijuana gel caps are not prescribed in the state of Indiana, and therefore, this substance was illegally obtained and ingested.

On July 14, 2011, the offender possessed a small amount of marijuana in his locker while a resident at Volunteers of America.

| | |
|---|---|
| 6 | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer."** |

The offender has been directed to participate and comply with the sex offender treatment program provided by Indianapolis Counseling Center. The offender has failed to appear for five treatment sessions: March 17, 2010; January 5, 2011; February 2, 2011; March 2, 2011; and March 16, 2011. He is required to pay $40 per week for each treatment session and currently has an outstanding balance of $561.

| | |
|---|---|
| 7 | **"The defendant shall not possess/use a computer unless he agrees to the Computer Restriction and Monitoring Program at the direction of the probation officer. The defendant shall advise the probation office of all computers available to him for use. Any computer or internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."** |

On June 1, 2011, the offender was found logged on to the Internet on a computer at Homeless and Reentry Helpers, a facility where he was volunteering his time in hopes of securing paid employment. This officer observed the offender logged onto a Facebook account for "James Gonterman." His Internet history also indicated he had logged onto "ISGAY.COM," which displayed a picture or two females kissing. The offender was admonished for violating his Internet prohibition condition and was not allowed to return to that facility. On June 8, 2011, the offender was required to review the supervised release condition which prohibited his use of computers and the Internet. He was required to re-sign his conditions of supervised release and indicated he fully understood this condition. The offender was also admonished for lying on his monthly supervision report, which indicated he did not have access or use of a computer or the Internet.

On September 1, 2011, the offender was found using a computer at his employment work-site and was found to be logged onto a new Facebook account created in an alias name, "Jamison O'Riely." The offender was engaged in an "instant chat" session with Stephanie

Romansky, whose Facebook photo showed her holding a minor child. When this officer requested the phone number for Stephanie Romansky, the offender provided a false telephone number. This officer contacted Stephanie Romansky, and she verified she had been communicating with the offender via Facebook and by telephone. She reported she has two minor children but denied the offender had contact with her children. She was not aware the offender was a convicted sex offender who has a condition prohibiting him from having contact with minor children. She stated the offender visited her home once during the last 60 days, while he was a resident of Volunteers of America. She also advised she was communicating with hm by a cell phone he possessed but never reported to the probation officer.

8 **"The defendant shall not associate with any person engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."**

On January 28, 2011, the offender was arrested for Resisting Law Enforcement and Intimidation while Indianapolis Metropolitan Police officers were attempting to arrest Richard Cunningham (DOB 12-19-45) on a warrant for Child Molest. The offender knew Cunningham had a prior federal conviction for Distribution of Marijuana and an open warrant for Child Molest from Vigo County.

9 **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

On January 21, 2011, the offender contacted this probation officer and reported he voluntarily quit his job at IFCO on January 19, 2011. This officer contacted IFCO and received information that the offender was fired from this job on January 17, 2011, for excessive absences without prior notification.

On March 15, 2011, the offender moved from his residence at 433 East Washington Street, and failed to notify the probation officer of his whereabouts. After several days of telephone calls to the offender's family trying to locate him, he left a voice mail message for this probation officer advising "I'm pretty sure you are steamed at me," and stated he was not with family members, but was in the Indianapolis area and would turn himself in on March 21, 2011. The offender walked in to Volunteers of America on March 22, 2011, to "turn himself in."

The Court then inquired directly of Mr. Gonterman while under oath whether he admitted the violations stipulated in the Petition. Mr. Gonterman admitted to the violations as stated above.

Counsel for the parties further stipulated to the following:

1) Mr. Gonterman has a relevant criminal history category of II, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Gonterman constitutes a Grade C violation, pursuant to U.S.S.G. §B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Gonterman is 4-10 months.

4) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of 10 months to the custody of the Attorney General, with two years of supervised release to follow. After incarceration, the defendant will be subject to the same supervised release conditions imposed at time of sentencing.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 10 months. It is recommended that the defendant be designated to a facility where he may receive sex offender management program and/or counseling.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable,

a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Gonterman stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

**WHEREFORE**, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Gonterman's supervised release and the sentence imposed of imprisonment of 10 months in the custody of the Attorney General or his designee. The Court recommends the defendant be designated to a correctional facility where he may participate in a sex offender management program and/or counseling. After service of the sentence, the defendant will be subject to two years of supervised release under the same conditions imposed at sentencing.

**IT IS SO RECOMMENDED** this 13th day of September, 2011.

 _____
 Kennard P. Foster, Magistrate Judge
 United States District Court

Distribution:

Jim Warden,
Assistant United States Attorney

10 West Market Street, #2100
Indianapolis, IN 46204

Bill Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service